Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED '11 FEB 24 10:31 USDC-ORE

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CINDY SAMANO,** | Case No.: 11-6064-AA |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.    Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.    Plaintiff, Cindy Samano ("Plaintiff"), is a natural person residing in Lane County, Oregon.

60000240

4.     Defendant, Portfolio Recovery Associates, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.     All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.     Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.     Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to garnish Plaintiff's wages for a debt that is time-barred, had not been reduced to a judgment, and regarding which Defendant had no intent to file suit. On or about November 2, 2010, Plaintiff had a conversation with a Mr. Morant, who claimed to represent Defendant. Mr. Morant claimed that Defendant intended to obtain a judgment against Plaintiff and intended to garnish her. The debt in question was an auto loan deficiency arising from a vehicle that was repossessed in the mid 90's. Plaintiff has not made a payment or acknowledged the debt since the repossession, and as such Defendant has not ability to take legal action

against Plaintiff for the debt (§ 1692e(5) & 1692e(2)(A)).

10.    As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11.    Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12.    Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

13.    To the extent Defendant's actions, detailed in paragraphs 8-9, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.    Plaintiff reincorporates by reference all of the preceding paragraphs.

15.    The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(5) & 1692e(2)(A).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages pursuant to 15 USC 1692k;

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 21st day of February, 2011.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff